IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE TORELLO AS TRUSTEE OF THE CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND AND MIDWEST PENSION FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | District Judge Anderson Magistrate Judge Mason |
| v. | ) ) ) | Case No. 08 CV 2493 |
| VESUVIUS USA CORPORATION, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND ADDITIONAL
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Vesuvius USA Corporation ("Defendant"), for its Answer and Additional Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction and venue of this Court are based upon section 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §1132(a), (e) and (f), and section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, as more fully appears herein.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action against Defendant pursuant to ERISA and the LMRA, that this Court has jurisdiction and that venue is proper, but denies that any violation of ERISA or the LMRA occurred and further denies that Plaintiff has stated a claim for relief under ERISA or the LMRA.

## PARTIES

2.The Funds are multi-employer employee benefit plans within the meaning of sections 3(3) and (37) of ERISA, 29 U.S.C. §1002(3) and (37), and maintain their principal place of operation in Chicago, Illinois.

**ANSWER:**On information and belief, Defendant admits the allegations in Paragraph 2.

3.Plaintiff Steve Torello is a Trustee of the Funds and, as such, is a fiduciary within the meaning of section 3(21) of ERISA, 29 U.S.C. §1002(21).

**ANSWER:**On information and belief, Defendant admits the allegations in Paragraph 3.

4.Manufacturing, Production and Service Workers Union, Local 24 ("Local 24") is an "employee organization" within the meaning of section 3(4) of ERISA, 29 U.S.C. §1002(4) and a "labor organization" within the meaning of section 301 of the LMRA, 29 U.S.C. §185.

**ANSWER:**On information and belief, Defendant admits the allegations in Paragraph 4.

5.Defendant Vesuvius USA Corporation, Inc. is an Illinois Corporation within this judicial district. Vesuvius USA Corporation, Inc. is engaged in an industry affecting commerce, as defined by section 301(a) of the LMRA, 29 U.S.C. §185(a), and is an "employer" as defined by section 3(5) of ERISA, 29 U.S.C. §1002(5).

**ANSWER:**Defendant admits the allegations in Paragraph 5.

## COUNT I

6.      Vesuvius USA Corporation, Inc. and Local 24 have been parties to a series of collective bargaining agreements effective September 26, 2001 through April 29, 2012. Copies of the relevant portions of the 2001-2004 and 2004-2007 collective bargaining agreements are attached hereto as Exhibits A and B, respectively, and incorporated herein.

**ANSWER:**    Defendant admits that it has been a party to various collective bargaining agreements with Local 24 and that portions of such agreements are attached to the Complaint as Exhibits A and B. Defendant denies the remaining allegations in Paragraph 6.

7.      Pursuant to Article XIII and XIV of the collective bargaining agreements, Vesuvius USA Corporation, Inc. is bound by the terms of the Funds' Declarations of Trust as well as by the rules and regulations adopted by the Funds' Trustees.

**ANSWER:**    Defendant admits that pursuant to Articles XIII and XIV of the collective bargaining agreements, Defendant agreed to be bound by the Declarations of Trust, but denies the remaining allegations in Paragraph 7.

8.      Pursuant to Articles XIII and XIV of the collective bargaining agreements, Vesuvius USA Corporation, Inc. is required to make timely contributions to the Funds on behalf of each employee covered by the agreement.

**ANSWER:**    Defendant admits the allegations in Paragraph 8.

9.      The Funds maintain a ten-percent (10%) liquidated damages provision for any late contributions received after the 10th day of the month in which contributions are due.

**ANSWER:**    Defendant admits that Plaintiff purports to maintain a ten percent liquidated damages provision for late contributions, but denies that such a provision is part of the collective bargaining agreements and denies the remaining allegations in Paragraph 9.

3

10. Notwithstanding its obligation under the collective bargaining agreements, Vesuvius USA Corporation, Inc. failed to make timely contributions to the Funds for the months of September 2001 through October 2006 resulting in liquidated damages of $36,694.14, thereby depriving the Funds of contributions and income, jeopardizing the benefits of participants and beneficiaries, violating section 515 of ERISA, 29 U.S.C. §1145, the collective bargaining agreements and section 301 of the LMRA, 29 U.S.C. §185.

**ANSWER:** Defendant admits that on certain occasions it failed to make timely contributions to the Funds, but denies the remaining allegations in Paragraph 10.

11. Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Vesuvius USA Corporation, Inc. is indebted to the Funds, in addition to the delinquent contributions and liquidated damages found due and owing, for interest, attorney's fees, costs and other legal or equitable relief as this Court deems appropriate.

**ANSWER:** Defendant denies the allegations in Paragraph 11.

**RESPONSE TO RELIEF REQUESTED**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Vesuvius USA Corporation prays that Plaintiff's Complaint be dismissed at Plaintiff's cost and that Defendant be granted an award of reasonable attorneys' fees and costs together with such other and further relief as this Court shall deem just and equitable under the circumstances.

**ADDITIONAL DEFENSES**

**FIRST DEFENSE**

Upon information and belief, Plaintiff's claims contained within the Complaint are barred, in whole or in part, by applicable statutes of limitation.

## SECOND DEFENSE

Plaintiff is estopped to contend or has waived any contention that Defendant is delinquent in making contributions to the Funds.

## THIRD DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## FOURTH DEFENSE

Certain allegations of the Complaint are under the exclusive jurisdiction of the National Labor Relations Board.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of accord and satisfaction.

Dated: August 15, 2008                                          VESUVIUS USA CORPORATION

                                                                                 By: */s/ John F. Kuenstler*

John F. Kuenstler, #6216396
Douglas M. Oldham, #6283670
Barnes & Thornburg, LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois  60606
(312) 357-1313
(312) 759-5646 (FAX)

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2008, I electronically filed the foregoing Defendant's Answer and Additional Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>John F. Ward
>Attorney at Law
>227 West Monroe Street
>Suite 2000
>Chicago, Illinois  60606

>*/s/ John F. Kuenstler*

471314v1